NOT FOR PUBLICATION [Docket No. 4]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
                                    :
CHARLES R. GOLLER, JR.,              :
                                    :
             Plaintiff,              :   Civil No. 07-1051 (RMB)
                                    :
        v.                           :   **OPINION**
                                    :
HONORABLE R. JAMES NICHOLSON,        :
SECRETARY OF THE DEPARTMENT          :
OF VETERANS AFFAIRS,                 :
                                    :
             Defendant.              :
_____ :

Appearances:

Charles R. Goller, Jr.
13 Ivystone Dr.
Egg Harbor Twp., NJ 08234
     Pro se Plaintiff

Anthony J. LaBruna
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
     Attorney for Defendant

This matter comes before the Court upon a motion by the Defendant to dismiss the above-captioned matter for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff Charles R. Goller, Jr., appearing pro se, brings four causes of action against the Secretary of the United States

1

Department of Veterans Affairs, each seeking increases in his disability benefits under a different section of the Code of Federal Regulations. [Pl.'s Compl. at 2]. Plaintiff is currently "a 90% service connected disabled veteran," and a grant of relief for any one of his causes of action would result in an increase to a 100% service-connected disabled veteran rating. [Pl.'s Compl. at 1].

Defendants have moved for an order to dismiss the Complaint, alleging that this Court "do[es] not have jurisdiction over [Veterans Administration] benefits appeals" under 38 U.S.C. § 7252, and that the Plaintiff's causes of action cannot be classified as anything other than "benefits issue[s]." [Def.'s Br. at 1]. Plaintiff has not opposed this motion.

**II. STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may assert by motion the defense of "lack of jurisdiction over the subject matter" at any time. Brown v. Phila. Hous. Auth., 350 F.3d 338 (3d Cir. 2003).

> A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of a claim. But dismissal is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'

Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-1409 (3d Cir. 1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

2


There are two types of 12(b)(1) defenses: those that attack the complaint on its face, where the court must consider the complaint's allegations as true, and those that attack factual claims by the plaintiff, where the court is free to weigh the evidence to determine whether it has the power to hear a case. <u>Mortensen v. First Fed. Savings and Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). Once a defendant asserts a 12(b)(1) motion, the burden of proving subject matter jurisdiction lies with the plaintiff. <u>Kehr Packages, Inc.</u>, 926 F.2d at 1409.

The Defendant does not dispute any jurisdictional facts in the Plaintiff's complaint; therefore, this is a facial challenge to the jurisdiction, and the Court will consider the Complaint's allegations as true for the purpose of this motion. <u>Mortensen</u>, 549 F.2d at 891.

**III. DISCUSSION**

Plaintiff is contesting the substance of decisions by the Department of Veterans Affairs regarding his claims filed under 38 U.S.C. § 5101. [Pl.'s Compl. at 1-2]. The appropriate appeals process for decisions of the Department of Veterans Affairs begins with a notice of disagreement filed with the Board of Veterans' Appeals, which evaluates the decision. 38 U.S.C. § 7105. Then, "[t]he Court of Appeals for Veterans Claims has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. 7252(a). The Court of Appeals for

the Federal Circuit then has jurisdiction to review decisions by the Court of Appeals for Veterans Claims.  38 U.S.C. §§ 7291-7292.  See MacKay v. U.S. Veterans Admin., 2004 U.S. Dist. LEXIS 15747 at *8-9 (E.D. Pa. Aug. 5, 2004), aff'd, 2004 U.S. App. LEXIS 25394 (3d Cir. Nov. 16, 2004).

The process set forth by these statutes limits review by any other courts.  According to 38 U.S.C. § 511(a),

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature or mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added).[1]

Under Hernandez v. Veterans' Admin., 415 U.S. 391 (1974), Article III courts do have the authority to review facial challenges to the constitutionality of these statutes.  The Code section interpreted by Hernandez has since been repealed, but 38 U.S.C. § 511 is "substantially identical" to that section. Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994).  Hernandez involved an assertion by the plaintiffs that a section of the act unconstitutionally discriminated against conscientious objectors under the First and Fifth Amendments.  415 U.S. at 392.  Since Hernandez, courts have denied jurisdiction to constitutional

---

[1] While § 511 states "[s]ubject to subsection (b)," none of the exceptions listed in 38 U.S.C. § 511(b) are applicable here.

challenges that do not squarely address the underlying legislation but instead address the constitutionality of the damages decision. Duke v. U.S., 305 F. Supp. 2d 478, 490 (E.D. Pa. 2004). Here, however, the Plaintiff has presented no constitutional challenges of either sort. Thus, this Court lacks jurisdiction to review decisions regarding a veteran's benefits made by the Department of Veterans Affairs. Therefore, all four of the Plaintiff's claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Alternatively, the Defendant's motion to dismiss alleges that "even the [Court of Appeals for Veterans Claims] has no jurisdiction if the Board of Veterans [sic] Appeals has not rendered its decision - i.e., the veteran has not yet exhausted his administrative remedies." [Def.'s Br. at 7]. Defendant alleges that the Plaintiff has appeals currently pending with the Veterans Administration, and that Plaintiff therefore has not exhausted his administrative remedies. [Def.'s Br. at 2-3]. "[T]he 'long settled rule of judicial administration [is] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy had been exhausted.'" La Vallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Mgmt. Comm'n, 866 F.2d 616, 620 (3d Cir. 1989) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41 (1938)). Because the Plaintiff has neither disputed Defendant's

assertion nor alleged that he has exhausted the prescribed administrative remedy for his claims, this Court may alternatively dismiss the claims under Rule 12(b)(6).  See MacKay, 2004 U.S. Dist. LEXIS 15747 11-14 (holding that a similar claim could be dismissed under Rule 12(b)(6) because the plaintiff failed to refute allegations that his administrative remedies had not been exhausted).

**IV. CONCLUSION**

    For the aforementioned reasons, this case will be dismissed.  An accompanying Order will issue this date.

                                                 s/Renée Marie Bumb
                                                 RENÉE MARIE BUMB
                                                 United States District Judge

Dated: June 15, 2007